

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Gerald C. Mann
ATTORNEY GENERAL

June 14, 1939

Hon. L. L. Roberts
County Auditor
Hutchinson County
Stinnett, Texas

Dear Sir:

Opinion No. O-917

Re: Can county pay county officials
fees in juvenile cases?

Your request for opinion upon the above
stated question has been received by this department.

In your letter you state that Hutchinson
County, Texas, has a population of fourteen thousand
eight hundred and forty-eight and compensates its offi-
cials on the fee bases.

We are unable to find any statute which would
authorize the county to pay a fee or any compensation
to either the county clerk or the county attorney for
their services in juvenile cases.

Article 5124, Revised Civil Statutes, provides
that the officer conveying any male to any state train-
ing school shall be paid by the county in which such
child was convicted the actual traveling expense of such
officer and child, and five dollars additional.

Article 1052, Code of Criminal Procedure, pro-
vides in part as follows:

"Three dollars shall be paid by the
county to the county judge, or judge of the
court at law, and two dollars and fifty cents
shall be paid by the county to the justice of
the peace for each criminal action tried and
finally disposed of by him...."

The cases of Ex Parte McDowell, 172 SW 213, and Miller vs. State, 200 SW 389, hold that proceedings against juvenile delinquents are criminal in their nature and are not civil proceedings. Thus Article 1052, Code of Criminal Procedure, supra, would be applicable.

Opinion No. O-451 of this department is not in conflict with the holding in this opinion as the same questions were not presented.

Therefore, you are respectfully advised that it is the opinion of this department that the county cannot pay county attorneys and county clerks fees in juvenile cases. You are further respectfully advised that it is the opinion of this department that the county in which the child was convicted should pay to the officer conveying any male to any state training school the actual traveling expense of such officer and child and five dollars additional. You are further respectfully advised that it is the opinion of this department that the county in which such child was convicted should pay to the county judge of the county the three dollar fee provided in Article 1052, Code of Criminal Procedure of Texas.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

/s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:jt

APPROVED:

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION
COMMITTEE

By_____BWB_____
CHAIRMAN